**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARLENE M. GARDNER and**
**JAMES GARDNER,**

                Plaintiffs,           6:12-cv-438
                                                  (GLS/ATB)

        v.

**KEMPER INDEPENDENCE**
**INSURANCE COMPANY,**

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| LaFave, Wein Law Firm | CYNTHIA S. LAFAVE, ESQ. |
| 2400 Western Avenue | JASON A. FRAMENT, ESQ. |
| P.O. Box 1534 | |
| Guilderland, NY 12084 | |
| | |
| **FOR THE DEFENDANT:** | |
| Hurwitz, Fine Law Firm | DAN D. KOHANE, ESQ. |
| 1300 Liberty Building | |
| Buffalo, NY 14202 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiffs Marlene and James Gardner commenced this action against

defendant Kemper Independence Insurance Company, alleging, among

other things, a cause of action for breach of contract. (*See* Compl., Dkt. No. 1, Attach. 2.) Pending is Kemper's partial motion to dismiss. (*See* Dkt. No. 5.) For the reasons that follow, the motion is granted.

## II. Background[1]

In July 2007, the Gardners purchased an automobile insurance policy from Kemper that included $300,000 in supplementary underinsured motorist (SUM) coverage. (*See* Compl. ¶¶ 8-9.) Less than two months later, Marlene Gardner was involved in a car accident with another motorist, Thomas McCarthy, while she was driving a vehicle owned by Kate Gardner in Amsterdam, New York. (*See id.* ¶¶ 11-13.) As a result thereof, the Gardners notified Kemper "of a potential claim for SUM coverage," and thereafter, complied with Kemper's "requests for various documentation including . . . authorizations for medical records, medical records and the accident report." (*Id.* ¶¶ 15-16.) Prior to seeking recovery directly from Kemper, the Gardners were offered, and subsequently accepted—with Kemper's approval—$50,000 in settlements from McCarthy

---

[1] The allegations are drawn from the Gardners' Complaint and presented in a light most favorable to them.

2

and Katie Gardner's insurance providers under their respective policies.[2] (*See id.* ¶¶ 17-26.)

After receiving these settlements, the Gardners "demanded" that Kemper pay the available portions of their SUM policy to settle their claim. (*Id.* ¶¶ 27-28.) Following Kemper's refusal to do so, the Gardners commenced this action in New York State Supreme Court, alleging three causes of action for breach of contract, bad faith and punitive damages. (*See* Compl. ¶¶ 33-43.) Kemper timely removed the case to this court on March 12, 2012, and subsequently filed its motion to dismiss in lieu of an Answer. (*See* Dkt. Nos. 1, 5.)

## III. **Standard of Review**

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. **Discussion**

Although a majority of Kemper's brief—and the Gardners'

---

[2] Although unclear in the Complaint, Katie Gardner was covered by Unitrin Auto and Home Insurance Company, a defendant who was voluntarily dismissed by joint stipulation prior to removal. (*See* Compl. ¶¶ 4-7, 22, 24-26; Dkt. No. 5, Attach. 1 ¶ 9, Attach. 3.)

response—unnecessarily surveys the applicable case law on independent torts arising out of contract claims, (*see generally* Dkt. Nos. 5, 7), its motion to dismiss is nonetheless persuasive.  This is so because the essence of Kemper's argument under Fed. R. Civ. P. 12(b)(6) is that the Gardners' second and third causes of action are insufficiently pled.  (*See generally* Dkt. No. 5, Attach. 6.)  While New York law recognizes situations where an insured can seek recovery for a tort independent of the underlying breach of contract, *see, e.g.*, *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 315-17 (1995), the Gardners' Complaint fails to allege "factual content that allows the court to draw the reasonable inference that [Kemper] is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Stated another way, the Complaint contains only "[t]hreadbare recitals of the elements of a cause of action," *id.*, as opposed to factual allegations that support an independent claim, (*see* Compl. ¶¶ 35-41); *see New York Univ.*, 87 N.Y.2d at 316.  Because there are no facts which even suggest that Kemper attempted to avoid its obligations under the insurance policy, its motion to dismiss the Gardners' second cause of action is granted.  Moreover, the Gardners' third cause of action is also unactionable, as they do not have the requisite independent tort claim to

4

support such an award. *See New York Univ.*, 87 N.Y.2d at 315-16. Thus, to the extent that an independent cause of action for punitive damages exists,[3] it too is dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Kemper's partial motion to dismiss (Dkt. No. 5) is **GRANTED** and the Gardners' second and third causes of action are **DISMISSED**; and it is further

**ORDERED** that Kemper file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Baxter in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 14, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

[3] According to the New York Court of Appeals, punitive damages are "an additional and exemplary *remedy*." *New York Univ.*, 87 N.Y.2d at 316 (emphasis added).